IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHON ROBERT DUNCAN,        ) | |
|     Plaintiff,                                    ) | Civil Case No. 7:20cv00554 |
|                                                          ) | |
| v.                                                       ) | |
|                                                          ) | By: Michael F. Urbanski |
| MR. JACK LEE, et. al,                      ) | Chief United States District Judge |
|     Defendants.                              ) | |

**MEMORANDUM OPINION**

Jonathan Robert Duncan, a Virginia inmate proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983, naming two defendants: Jack Lee, who Duncan identifies as the superintendent of Middle River Regional Jail in April 2014, and Larry Miller. The entirety of the factual allegations in Duncan's complaint state:

> In April I believe of 2014, Correctional Officer Larry Miller kicked me in the testicles extremely hard from behind on camera in the day area at Pod MB4 and took me to medical to be checked and my testicles were swollen and red. [H]e was fired, and I pressed legal sexual assault charges against him.

ECF No. 1 at 2 (spelling and some grammatical errors corrected).

The assigned United States Magistrate Judge granted Duncan's motion to proceed in forma pauperis and ordered the Clerk to attempt service on the two defendants. To date, service has not been accomplished.[1] Upon review of the complaint, however, the court concludes that the complaint must be dismissed because it fails to state any claim against defendant Lee and because it is clear from the face of the complaint that the claims are barred

---

[1] In documents recently returned by the United States Marshal documenting efforts to accomplish service, there are notes stating that the deputy United States Marshal was advised that Lee was no longer employed as of December 2018, and that Miller was no longer employed as of 2013. Forwarding addresses were not provided for either defendant.

by the applicable statute of limitations. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

Turning first to defendant Lee, Duncan's complaint does not allege that defendant Lee took any action or failed to take any action that violated Duncan's rights. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. See Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)). Because Duncan fails to identify any personal involvement by Lee, he fails to state a § 1983 claim against Lee.[2]

Furthermore, Duncan's claims against both defendants are subject to dismissal because

---

[2] Duncan appears to list Lee as a defendant solely because he was the superintendent of the jail at the time of the alleged assault. To establish liability against Lee as a supervisory official, though, Duncan must allege facts sufficient to show that Lee (1) "had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff"; (2) that Lee's "response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link'" between Lee's and plaintiff's "particular constitutional injury." Wilkins v. Montgomery, 751 F.3d 214, 226 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994)). Duncan's complaint fails to state any facts at all to plausibly allege any of the requirements of a supervisory liability claim.

they are time-barred. Cf. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (explaining that a court may summarily dismiss a complaint when it is clear from the face of a § 1983 complaint that a claim is barred by the applicable statute of limitations). A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, see Owens v. Okure, 488 U.S. 235, 239–40 (1989), which requires an action be brought within two years of its accrual. Va. Code Ann. § 8.01-243(A); A Soc'y Without A Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years).[3]

Based on the allegations in Duncan's complaint, the alleged assault occurred in April 2014, six years and five months before he filed suit in September 2020.[4] Moreover, although the Fourth Circuit has held that equitable tolling applies to the period during which a prisoner is exhausting his administrative remedies, Battle v. Ledford, 912 F.3d 708 (4th Cir. 2019), nothing in Duncan's complaint suggests that it took him more than four years to pursue administrative grievances. Instead, in response to a question about whether he had filed any grievances about the events, his complaint simply states that he "filed prior grievances" and "pressed criminal charges" against Miller. Compl. 1, ECF No. 1.

---

[3] Virginia recently amended Virginia Code § 8.01-243 to extend the limitations period for personal injury claims resulting from "sexual abuse" of an adult to ten years, but the longer period applies only to causes of action which accrued on or after July 1, 2020. Va. Code Ann. § 8.01-243(D1). Thus, Duncan's reference to his being kicked in the testicles as a "sexual assault," even if qualified as "sexual abuse" for limitations purposes—which is unlikely, see Va. Code Ann. § 8.01-249(6), incorporating definition of sexual abuse from Va. Code Ann. § 18.2-67.10—does not trigger the ten-year limitations period because it occurred before July 1, 2020.

[4] Duncan's complaint was received by the Clerk on September 14, 2020, but it indicates that it was signed on September 9, 2020.

Furthermore, the court finds it wholly implausible that exhaustion here would have taken nearly four and one-half years, so as to render Duncan's claims timely. Indeed, the Battle court noted that generally in Virginia, the prison system's regulatory deadlines could lead to a seven-month exhaustion period and that it possibly could take longer. Id. at 715. But even in the more extreme examples cited by Battle from other circuits and states, the longest period any court contemplated was three years. Id. at 715–16. Accordingly, Duncan's claims are untimely.[5]

For the foregoing reasons, Duncan's complaint will be dismissed with prejudice for failure to state a claim. An appropriate order will be entered.

It is so **ORDERED**.

Entered: November 20, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.11.20 17:58:07 -05'00'

Michael F. Urbanski
Chief United States District Judge

---

[5] To the extent that Duncan's complaint is intended to raise state-law claims, they would be barred by the same two-year statute of limitations applicable to personal injury actions. In the alternative, the court declines to exercise jurisdiction over any state-law claims. 28 U.S.C. § 1367(c)(3).